**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**WESTERN DIVISION**

| | | |
|---|---|---|
| **MICHAEL DAVID LENZ** | * | |
| **ADC #73691,** | * | |
| | * | |
| **Plaintiff** | * | |
| | * | |
| **v.** | * | **Case No. 4:02CV00450 GH/JFF** |
| | * | |
| **MARTY MONTGOMERY,** *et al.*, | * | |
| | * | |
| **Defendants** | * | |

**<u>ORDER</u>**

In an Order dated December 7, 2005, the undersigned directed the parties to notify the Court within 11 days of their position with regard to the jury trial request in light of Plaintiff's pending Motion for Writ of Habeas Corpus Ad Testificandum or, in the Alternative, Request for Approval of Out-of-Pocket Expenditures of Appointed Counsel in Securing Video Deposition Testimony, which was filed by Plaintiff's appointed counsel.  Plaintiff has responded (docket entry #106) stating that it has always been his preference to attend the trial of this matter, but that he would consent to a bench trial to be tried upon his oral deposition if the Court found that he could not attend the trial in person because he was housed in Kansas.  The Defendants have responded (docket entry #107) stating that they do not wish to reconsider the waiver issue, but defer to the Court to determine whether the request for a jury trial is valid.

As pointed out in the Court's previous Order, at the time this matter was set to proceed to a jury trial before the undersigned in May 2005, Plaintiff was a prisoner incarcerated in the State of Kansas under a contract with the State of Arkansas, which originally sentenced Plaintiff.  The May 2005 trial was cancelled when it was discovered that the United States Marshal could not be

1

directed to transport Plaintiff from Kansas to Arkansas for the trial.  While Plaintiff was housed

in Kansas, the parties and the Court initially believed that the only workable solution was for this

matter to proceed to a trial on Plaintiff's oral video-taped deposition.  However, the Plaintiff has

always maintained in his filings with the Court that he would prefer that this matter proceed to a

trial by jury that he be allowed to attend.  His filings reflect that he would consent to a bench

trial on the video-taped oral deposition in the event the Court concluded that he could not attend

the trial in person.  The Court's finding that the request of a jury trial had been waived and that

this matter should proceed to trial upon Plaintiff's video-taped deposition was dependent on the

circumstances then existing.  The circumstances, of course, have now changed.  Plaintiff is now

housed in Arkansas, and it is unclear whether he will again return to Kansas.  The Court

concludes that Plaintiff's request for a jury trial has been preserved through his filings.

Given that the trial date for this action has not been reset, the Court finds that Plaintiff's

request that a writ to issue to ensure his presence at trial is premature.  However, when an inmate

civil rights action is scheduled, it is the practice of the Court to issue a transportation order

directed to the Arkansas Department of Correction to secure an Arkansas inmate's presence at

trial.  Accordingly, so long as Plaintiff is housed in Arkansas at the time this matter is reset to

proceed to a jury trial, the Court will issue an order to ensure his presence at trial.  Therefore,

Plaintiff's pending Motion for Writ of Habeas Corpus Ad Testificandum or, in the Alternative,

Request for Approval of Out-of-Pocket Expenditures of Appointed Counsel in Securing Video

Deposition Testimony (docket entry #101) will be denied as moot.  In the event that Plaintiff is

returned to Kansas, the Court would address, upon motion, the merits of a second request for a

Writ of Habeas Corpus Ad Testificandum or alternative request for approval of expenditures to

secure Plaintiff's video-taped deposition.

Also pending is Plaintiff's Motion in Limine in which he seeks to exclude at trial references to his prior felony convictions (docket entry #88) and his Motion to Appear at Trial in Civilian Clothing and Free of Visible Restraints (docket entry #90).  Given that the trial of this matter has not yet been reset, the motions will be denied without prejudice and may be filed at Plaintiff's counsel's discretion in accordance with the deadlines established in the Court's future Scheduling Order.

IT IS THEREFORE ORDERED that:

1.     Plaintiff's  Motion for Writ of Habeas Corpus Ad Testificandum or, in the Alternative, Request for Approval of Out-of-Pocket Expenditures of Appointed Counsel in Securing Video Deposition Testimony is DENIED (docket entry #101) as moot.  So long as Plaintiff is incarcerated in Arkansas at the time this matter is to proceed to a trial by jury, the Court will issue a transportation order directed to the Director of the Arkansas Department of Correction to ensure his presence at the trial.

2.     Plaintiff's Motion in Limine (docket entry #88) and his Motion to Appear at Trial in Civilian Clothing and Free of Visible Restraints (docket entry #90) are DENIED without prejudice.

IT IS SO ORDERED this 6th day of January, 2006.

_____

UNITED STATES DISTRICT JUDGE